IN THE CIRCUIT COURT OF SHARP COUNTY, ARKANSAS
CIVIL DIVISION

**FILED**
OCT 0 9 2013
TOMMY ESTES, CLERK
BY_____ D.C.

ANTHONY CRABTREE, )
)
    Plaintiff )
)
VS. ) NO. CIV-2013-156
)
XTO ENERGY, INC. AND )
JOHN DOES I THRU X, )
)
    Defendants )

## COMPLAINT

Comes Anthony Crabtree (Crabtree), Plaintiff herein, and, for his claims against XTO Energy, Inc. (XTO) and John Does I Thru X, Defendants herein, states:

1. Crabtree was, at the time of the occurrence described herein, a resident of Sharp County, Arkansas. The claims asserted herein arise out of personal injuries sustained by Crabtree in an occurrence in Independence County, Arkansas. Venue of this Court in this action is conferred by Ark. Code Ann. § 16-55-213(a).

2. XTO is a foreign corporation qualified to and doing business in the State of Arkansas and is subject to the personal jurisdiction of this Court.

3. John Does I thru X are persons or entities, hereinafter described, whose identifies are unknown to Crabtree and his attorney.

4. On the 17th day of November, 2010, Crabtree was engaged in his first day of employment by Santa Clara, Inc., as a driver of a truck/tank trailer. At that time, Santa Clara, Inc. was engaged in the business of hauling waste liquids from natural gas well sites to a disposal facility.

5. At approximately 1:00 A.M. on November 17, 2010, Crabtree was on the site of a gas well in or near Pleasant Plains, Arkansas. This well was operated by XTO and is identified by the well name of Burress 1-22H. XTO was the operator of the well and had possession and control of the premises of the well site. Crabtree was on the well site for the purpose of loading liquids, which Crabtree believed to be wastewater, into the tank of his truck for the purpose of transportation to a disposal facility.

6. Crabtree was instructed to check the level of the liquid in the tank on the well site, the top of which tank was approximately 20 feet above grade. Crabtree was instructed by co-employees that the gauge on the tank, showing the liquid level, was unreliable and therefore he was instructed to climb to the top of the tank and open the lid so he could

determine the level of its contents. Crabtree believed, and had not been instructed otherwise, that the bank contained only waste water. There were no signs or warnings on or about the tank indicating the presence, or potential presence, of flammable or explosive vapors within the tank.

7. Upon reaching the top of the bank, Crabtree opened the lid and looked inside but, due to the darkness, could not see the level of the tank contents. Believing it safe to do so, Crabtree light a cigarette lighter in order to provide additional light in the interior of the tank. As he did so, the gases accumulated in the top of the tank exploded. As a result of the explosion, Crabtree was thrown from the top of the bank to the ground. As a consequence of the explosion, and being thrown to the ground, Crabtree sustained serious, painful, and permanent personal injuries as are hereinafter described.

8. Crabtree was, at the time of the occurrence described herein, a business invitee upon the well-site premises, which premises was occupied by and under the control of XTO. As occupier and possessor of the premises, XTO owed Crabtree a duty to maintain the well-site premises in a reasonably safe condition and to warn Crabtree of any hazards, or potential hazards, present on the premises.

9. As a direct result of the occurrence described herein, Plaintiff sustained serious, painful and permanent personal injuries including, but not limited to, a fracture of his left femur, a Lisfranc fracture of his left foot, and burns to his face, upper arms, upper chest, and neck. Crabtree was transported from the well site to White River Medical Center where he was first seen, from which he was transported to UAMS Hospital where his fractured left femur was treated by placement of an intramedullary nail within the femur. Following surgical treatment of his orthopedic injuries, Crabtree was transported to Arkansas Children's Hospital Burn Unit for treatment of his burn injuries.

10. As a direct result of the injuries hereinabove described, Crabtree has sustained in the past, and will sustain in the future, the following elements of damage:

    (a) Past and future pain, suffering and mental anguish;

    (b) Past and future expenses of hospital, surgical, and other medical care;

    (c) Loss of earnings in the past;

    (d) Permanent impairment of future earning capacity;

(e) Scars, disfiguration, and visible results of his injury.

11. Because of the injuries sustained in the occurrence described herein, and the consequences thereof, Crabtree has sustained damages in excess of the minimum amount required for diversity of citizenship suits in United States District Courts.

## COUNT I

12. Crabtree incorporates herein as a part of Count I, by reference thereto, the foregoing allegations of paragraphs 1 through 12.

13. The occurrence described herein and all damages sustained by Plaintiff were proximately caused by XTO's breach of its duty to maintain the premises of the well site in a reasonably safe condition and to warn business invitees of any hazards or potential hazards present on the premises. This breach of duty by XTO constitutes negligence, which negligence consists of, but is not limited to, the following acts and omissions:

(a) Failure to control and remove from storage tanks accumulated explosive and flammable gases therein;

(b) Failure to inform Plaintiff of the presence or potential presence of flammable and explosive gases in the storage tank;

(c) Failure to place on the storage tank, or in close proximity thereto, adequate and conspicuous warnings of the presence or potential presence of explosive and flammable gases within the storage tank.

## COUNT II

14. Crabtree incorporates herein as a part of Count II, by reference thereto, the foregoing allegations of paragraphs 1 through 13.

15. The storage tank described herein was manufactured, sold or otherwise supplied in a defective condition which rendered it unreasonably dangerous to those reasonably foreseeable to be affected by its use. Such defective condition consists of, but is not limited to, the absence of appropriate devices to remove explosive or potentially explosive gases from the tank and the absence of adequate and conspicuous warnings of the presence or potential presence of hazardous or explosive gases within the tank.

16. The identity of those persons or entities involved in the manufacture, sale or otherwise supplying of the storage tank herein described is unknown to Plaintiff. These entities therefore are hereby described as John Does I thru V.

17. The identity of other persons or entities who may have been in the possession or control of the premises of the well site, or who were responsible for the maintenance of the premises in a reasonably safe condition and for giving business invitees adequate warnings of hazards or potential hazards present on the premises, or who may have assumed the duty of maintaining the premises, other than XTO, is unknown to Plaintiff. These persons and entities are therefore described as John Does V thru X.

18. Upon learning the true identity of the parties described as John Does I thru X, they will be named by amendments hereto substituting the entry of identities for the John Doe designations.

19. In compliance with Ark. Code Ann. § 16-56-125, Crabtree is filing herewith an affidavit of his attorney of record attesting to the fact that the identity of the John Does I thru X is presently unknown to Crabtree.

WHEREFORE, Anthony Crabtree, Plaintiff herein, demands judgment from and against XTO Energy, Inc. and John Does I Thru X,

Defendants herein, for his damages as may be determined by the jury, which damages exceed the minimum amount required for diversity of citizenship suits in United States District Courts; and that Plaintiff further recover his costs herein.

ANTHONY CRABTREE

Plaintiff

By: *[signature]*
H. DAVID BLAIR     #65004
Attorney at Law
P. O. Box 2135
Batesville, Arkansas 72503
870-793-8350   Phone
870-793-3989   Facsimile
hdb@blastlaw.com

## DEMAND FOR JURY TRIAL

Comes Anthony Crabtree, Plaintiff herein, and, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands right of trial by jury as to all issues so triable.

ANTHONY CRABTREE

Plaintiff

BY: *[signature]*
H. DAVID BLAIR     #65004

8